IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-CV-0496-CVE-FHM |
| v. | ) ) ) | |
| JUN SHAO, LINA YEUNG; and TP LAND, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

Now before the Court are defendants Jun Shao's, Lina Yeung's, and TP Land LLC's motion to dismiss and brief in support (Dkt. ## 11, 12). Defendants ask the Court to dismiss plaintiff State Farm Fire and Casualty Insurance Company's declaratory judgment action on the basis that a parallel action has been filed in Oklahoma state court. Plaintiff has filed a response (Dkt. # 19) and defendants have filed a reply (Dkt. # 20).

**I.**

In its amended complaint (Dkt. # 5), plaintiff alleges that defendants Jun Shao and Lina Yeung are the owners of TP Land, LLC. Dkt. # 5, at 2. Plaintiff alleges that defendants purchased a property (Property) and purchased homeowners insurance from plaintiff. Id. In their application, defendants allegedly listed their occupancy of the Property as "Seasonal/Secondary." Id. The policy (Policy) allegedly insures for "accidental direct physical loss" to the Property. Id. However, the Policy does not insure for losses resulting from frozen water pipes while the dwelling is "vacant,

unoccupied or being constructed unless the insured uses reasonable care to maintain heat in the building or shuts off the water supply and drains the system and appliances of water." Id. at 2-3.

On January 17, 2018, defendants allegedly discovered that there was extensive water damage to the Property, and that most of the ceiling had come down. Id. at 3. Plaintiff alleges that there had been several hard freezes during the period December 2017 to January 19, 2018. Id. Defendants were unsure of the exact date that the loss occurred because they had been in California. Id. Defendants reported the loss to plaintiff's agent on January 19, 2018. Id. Plaintiff's agent contacted defendant Shao that same day, and Shao informed the agent that defendants had been gone from the Property for a month, and the Property did not have working heat at the time of the damage. Id. When asked what they did for heat, Shao allegedly responded that they lived in California during the winter and, during their previous visit, they had used space heaters at the Property. Id. Plaintiff alleges that no heat was on at the Property at the time the agent investigated. Id.

Plaintiff subsequently determined that the primary source of the water damage to the house was an upstairs shower valve, which had broken and leaked after its interior components allegedly froze. Id. Plaintiff alleges that a second leak occurred when the solder on a copper water supply line failed. Id. Plaintiff allegedly provided coverage for the cost of repairs resulting from the failed solder (subject to the Policy's deductible), but it denied coverage for the damages that resulted from the frozen shower valve, pursuant to the Policy's "Losses Not Insured" section. Id. Defendants disputed plaintiff's coverage decision. Id. at 4.

On November 19, 2018, defendants filed a lawsuit against plaintiff in Oklahoma state court, alleging breach of contract and bad faith. Id. Defendants' attorney sent a letter to plaintiff with a copy of the lawsuit. Id. After being served with the lawsuit, plaintiff removed the case to federal

2

court. Id. On December 21, 2018, defendants filed a notice of dismissal without prejudice. Id. Since dismissing their lawsuit, defendants, through their attorney, have allegedly sent several letters to plaintiff demanding that plaintiff reconsider its coverage position and provide coverage for defendants' entire loss resulting from the freeze/water damage, and subsequent mitigation. Id. Plaintiff, through counsel, repeatedly responded that it believes it made the correct coverage decision. Id. Plaintiff then filed this action on September 11, 2019, seeking a declaratory judgment of the rights and obligations of the parties under the Policy. Id.[1]

Almost one month after plaintiff filed this action, defendants filed a separate lawsuit in Oklahoma state court. Dkt. # 12-1. Defendants, in their state court case, claim breach of contract, bad faith, and a separate claim against Janine Billings Insurance Agency, Inc., an Oklahoma corporation that sold defendants the Policy. Id. at 1, 4, 9. Defendants first claim breach of contract. Id. at 2. Defendants state that they "returned to their home following a Christmas vacation absence of 42 days to discover[] extensive water damage to their home and personal property." Id. at 3. Defendants allege that plaintiff denied them coverage for the loss because the house was deemed "unoccupied" due to defendants' absence. Id. The petition cites the Policy's provision that excludes coverage for damages from freezes when the house is unoccupied. Id. Defendants dispute that the house was unoccupied. Id. Defendants also claim that they discovered a new break in the waterline after being denied coverage. Id. This break was deemed to be caused by a separate event, and was covered by the Policy. Id. However, defendants claim that plaintiff did not properly determine

---

[1]  Plaintiff alleges in the amended complaint that it is an Illinois corporation and defendants primarily reside in California while owning the Property in Oklahoma. Dkt. # 5, at 1. Plaintiff further alleges that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Id. at 2. Thus, subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332.

which damages were caused by the first, uncovered event and which were caused by the second, covered event. Id. at 3-4. The petition also alleges bad faith, that in declining to cover the frozen shower valve claim, and refusing to investigate the basis for denial of coverage, plaintiff breached its obligation to exercise good faith and fair dealing toward defendants. Id. at 4. In addition to the declination of coverage, defendants allege that they "incurred medical expense in dealing with their stress and [they] have been forced to defend litigation brought by a company that performed remediation services to the home following the water loss and damage." Id. Defendants further state that GableGotwals, plaintiff's law firm, "conspired with [plaintiff] to create an invalid 'reason' to continue [plaintiff's] denial of coverage, claiming as a defense that [defendants] 'lived in California.'" Id. at 5. Defendants allegedly sent a letter to GableGotwals, as plaintiff's agent, asking what evidence plaintiff had that defendants lived in California, but allegedly received nothing in return. Id. at 6-7. Defendants allege in their bad faith claim that plaintiff failed to investigate whether the broken solder joint occurred before or after the frozen showerhead (where the frozen valve allegedly ruptured). Id. at 8. Finally, defendants allege that an agent of Janine Billings Insurance Agency, Inc. "[n]egligently, carelessly and falsely represented that [defendants] . . . lived in California and did not live at the house covered by the [Policy]." Id. at 9. The petition further alleges that the action of the agent "was intentional, wrongfully interfered with [defendant's] contractual rights and was neither justified, privileged or excusable." Id.

**II.**

Plaintiff asks the Court to enter a declaratory judgment determining the parties' rights and obligations under the Policy. Dkt. # 5, at 4. Defendants argue that the case should be dismissed because a parallel state court action has been filed. Dkt. # 12.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). When "[a] final judgment in state court will necessarily resolve all issues before [the] court and the other issues aris[e] out of the same transactions thus allowing comprehensive disposition of litigation," the federal district court should dismiss the case before it. State Farm Mut. Auto. Ins. Co. v. Scholes, 601 F.2d 1151, 1155 (10th Cir. 1979). The Tenth Circuit has outlined five factors to guide district courts in exercising their discretion to hear a declaratory judgment action if there is a similar state court lawsuit pending:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994) (quoting Allstate Ins. Co. v. Green, 825 F.2d 1061, 1063 (6th Cir. 1987)). The first two factors are "designed to shed light on

5

the overall question of whether the controversy would be better settled in state court." United States v. City of Las Cruces, 289 F.3d 1170, 1187 (10th Cir. 2002).

### III.

### A.

Plaintiff first argues in its response that there was no parallel state court action when it filed this lawsuit and, thus, the Mhoon factors do not apply. Dkt. # 19, at 5. Plaintiff also argues that, by Oklahoma statute, the Oklahoma state court is required to dismiss the case filed in its court because a parallel lawsuit was filed first. Id. at 4 (citing OKLA. STAT. Tit. 12, § 2012(B)(8) (2019)). Defendants argue that the state court proceeding includes an additional claim of bad faith and it includes an additional party; therefore, there is no parallel state court action. Dkt. # 20, at 2.

Plaintiff's first argument can be dispelled because federal courts have applied the Mhoon/Brillhart factors when the state court case was filed after the federal court case. See, e.g., St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d 1167, 1168 (1995).[2]

To plaintiff's second argument, OKLA. STAT. Tit. 12, § 2012(B)(8), provides that it is a defense to a state court action that "[a]nother action [is] pending between the same parties for the same claim." The Oklahoma Supreme Court has held that

> where a plea of another action pending is interposed to work an abatement and a dismissal of a suit, the action pleaded shall be considered as pending, if it is between the same parties, and involves the same cause or causes of action, and is in a court which has jurisdiction of that class or character of action, and this is true, until the right of the first court invoked to hear and determine the particular cause has been finally adjuged.

---

[2] However, it is worth noting that most Mhoon factor cases are decided when the state court petition is filed prior to the federal court complaint. See Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 492 (1942); State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 981-82 (10th Cir. 1994).

Myers v. Garland et al., 252 P. 1090, 1092 (Okla. 1927).

It is not the Court's role to determine whether the Oklahoma state court should dismiss defendants' case. Further, the Oklahoma state court case involves an additional party (Janine Billings Insurance Agency, Inc.) and an additional cause of action (bad faith). See Dkt. 12-1. Therefore, the Court must analyze this case based on the Mhoon factors.

**B.**

The first Mhoon factor is "whether a declaratory action would settle the controversy." Mhoon, 31 F.3d at 983.[3] Defendants argue that the declaratory judgment will not settle the controversy because the state court petition includes an additional claim of bad faith, damages are at issue, and there is an additional party (Janine Billings Insurance Agency, Inc.). Dkt. # 12, at 11-12. Plaintiff's position in the case in this Court is that it is not obligated to pay defendants for the damage due to the freezing of the shower valve and that the Policy's one-year limitation for filing suit has expired. Dkt. # 5, at 4-5. Defendants claim in their state court petition that the house was not "unoccupied" and that, therefore, they are entitled to payment under the Policy. Dkt. # 12-1, at 3. These issues are the same, and favor the Court retaining jurisdiction. As to the bad faith claim, it is an element of bad faith under Oklahoma law that the insurer "was required under the insurance

---

[3]  Case law is unclear as to whether, if the first two Mhoon factor are answered in the affirmative, the district court should dismiss or retain jurisdiction. See Mid-Continent Cas. Co. v. Deer Creek Homeowners Ass'n, Inc., 685 F.3d 977, 982 (10th Cir. 2012) (legal issues were different and state court action would resolve all issues in federal court; therefore, the district court dismissed the declaratory judgment action); but see Valley Forge Ins. Co. v. ALK Enterprises, LLC, 748 Fed. App'x 770 (10th Cir. 2018) (legal issues were similar; therefore, the district court dismissed the declaratory judgment action). However, due to the factual scenario of this case, the Court concludes that the first two Mhoon factors favor retention of jurisdiction. See Mid-Continent Cas. Co., 685 F.3d at 982 n.3 (explaining that the split in authority can be explained by different factual scenarios).

polic[y] to pay [the claim]." Bannister v. State Farm Mut. Auto. Ins. Co., 692 F.3d 1117, 1126 (10th Cir. 2012); see also McCorkle v. Great Atlantic Ins. Co., 637 P.2d 583, 587 (Okla. 1981) ("[T]he essence of the intentional tort of bad faith with regard to the insurance industry is the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy[.]") (emphasis added). This element would be satisfied should the Court retain jurisdiction in this case because the declaratory judgment would decide the rights and obligations of the parties, i.e., whether plaintiff was required to pay defendants under the Policy. If plaintiff was not obligated to pay, there can be no bad faith. However, if plaintiff was obligated to pay, defendants can either refile their state court action or assert a counterclaim of bad faith in this Court. The declaratory judgment would also decide the allocation of damages issue, because whether plaintiff is required to pay for damage from the frozen shower valve, and not just the broken solder joint, would be decided should the Court retain jurisdiction over this case. Accordingly, the Court finds that the first Mhoon factor supports the Court retaining jurisdiction over this case.

The second Mhoon factor is "whether [the declaratory judgment] would serve a useful purpose in clarifying the legal relations at issue." Mhoon, 31 F.3d at 983. For the same reasons that a declaratory judgment would settle the controversy, it would also serve a useful purpose in clarifying the legal relations at issue. Defendants' primary argument is that its bad faith claim is unique to its state court petition. Dkt. # 12, at 11. However, as discussed above, if the Court were to determine that plaintiff does or does not owe an obligation to defendants under the Policy, it would clarify defendants' bad faith claim. The Court finds that the second Mhoon factor favors plaintiff.

The third Mhoon factor is "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*.'" Mhoon, 31 F.3d at 983. This factor favors plaintiff. Defendants clearly filed their state court action for the purposes of procedural fencing. This is so because they filed the state court claim almost one month after plaintiff's claim in this Court. Further, any claim that was raised in the state court petition could be raised as a counterclaim in the declaratory judgment case.[4] The Court will not deprive plaintiff of its chosen forum just so defendants can be in state court. The Court finds that the third Mhoon factor favors plaintiff.

The fourth Mhoon factor is "whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction." Mhoon, 31 F.3d at 983. Defendants argue that, under Mhoon, "federal courts 'should not attempt to pronounce independently upon' state law." Dkt. # 12, at 14. However, federal courts routinely rule on coverage issues in insurance policies despite the fact that they apply state law. See e.g., State Farm Fire & Cas. Co. v. TBG, Inc., 1994 WL 17534 (D. Kan. Jan. 20, 1994). The Court finds that the fourth Mhoon factor favors plaintiff.

The fifth Mhoon factor is "whether there is an alternative remedy which is better or more effective." Mhoon, 31 F.3d at 983. For this factor, defendants repeat arguments previously made, asserting that "[t]here are no issues of federal law," and, thus, "[t]he state court should be allowed to determine coverage." Dkt. # 12, at 15. Defendants cite Valley Forge Ins. Co. v. ALK Enterprises,

---

[4] Defendants spend much time in their brief arguing that plaintiff failed to investigate their claim as to the frozen shower valve. This is further evidence that defendants' bad faith claim can be raised as a counterclaim in this case.

LLC, 748 Fed. App'x 770 (10th Cir. 2018)[5] for this proposition. However, that case is distinguishable from this case. In Valley Forge, there was a pending state court action prior to the federal court action, and the same legal issues were at play. Id. at 772-73. Here, the state court action was filed almost one month after the federal declaratory judgment action. Further, all legal issues are similar. The Court finds that the fifth Mhoon factor supports retaining jurisdiction over this case.

The Court has considered all of the Mhoon factors, and finds that defendants' motion to dismiss this case (Dkt. # 11) should be denied.

**IT IS THEREFORE ORDERED** that defendants Jun Shao's, Lina Yeung's, and TP Land, LLC's motion to dismiss (Dkt. # 11) is **denied**. Defendants' Answer(s) are due no later than **December 16, 2019.**

**DATED** this 2nd day of December, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[5]   Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.