UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>JUN SHAO, LINA YEUNG, and TPLAND, LLC, an Oklahoma Limited Liability Company,<br><br>        Defendants.<br>--AND--<br><br>JUN SHAO, LINA YEUNG, and TPLAND, LLC, an Oklahoma Limited Liability Company,<br><br>        Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY INSURANCE COMPANY,<br><br>        Defendant. | Case No. 19-CV-0496-CVE-FHM<br>BASE FILE<br>(Consolidated with:<br>Case No. 19-CV-0666-CVE-FHM) |

## OPINION AND ORDER

The procedural history of the claims alleged in these consolidated cases is summarized in the order of consolidation. Dkt. # 27.[1] Now before the Court is defendants Jun Shao, Lina Yeung, and

---

[1] Defendants filed a state court action against plaintiff on October 8, 2019. Plaintiff removed defendants' action to the Northern District of Oklahoma on December 9, 2019, where it was initially assigned Case No. 19-CV-666-JED-FHM ('666 Case). On December 16, 2019, the Court consolidated the removed action with Case No. 19-CV-496-CVE-FHM ('496 Case).

TPLand, LLC's motion to strike certain State Farm insufficient affirmative defenses (Dkt. # 43). Plaintiff has filed a response (Dkt. # 45), and defendants have filed a reply (Dkt. # 53).

**I.**

In response to defendants' first motion to strike (Dkt. # 34), the Court ruled that defendants were entitled to better notice of the factual underpinnings of plaintiff's affirmative defenses and, therefore, plaintiff "would be allowed to restate its affirmative defenses in a manner that meets the Iqbal/Tombly standard." Dkt. # 37. Plaintiff filed an amended answer (Dkt. # 38) to include the following factual allegations supporting its defenses:

1. Shao Defendants fail to state a claim for which relief may be granted to the extent they premise their bad faith theory on any of the alleged actions of State Farm's outside counsel hired to represent State Farm after Shao Defendants filed suit against State Farm, including allegation that State Farm's hired attorneys "'conspired' with State Farm to create an invalid 'reason' to continue its denial of coverage," and/or allegations that State Farm's attorneys were acting as State Farm's agent (impliedly, State Farm's agent for purposes of claims handling) when responding to communications from Shao Defendants' attorney.

2. In applying for insurance coverage for the Property owned by TPLand, LLC, located at 397960 West 4000 Road, Skiatook, Oklahoma, Shao Defendants intentionally misrepresented the Property's condition, purpose and use. Shao Defendants failed to disclose that two of the Property's four heating units (all of which were necessary for adequately heating a 6,000 +/- square foot home) were either not working or were missing on the date of purchase, and had been left in that condition for more than a year, through the date of loss; Shao Defendants further failed to disclose on the policy application that the home would not be occupied for 52 weeks per year, or that Shao Defendants intended to have the Property serve as a retirement facility for seniors retiring from China.[2] The facts support an inference that Shao Defendants' misrepresentations were made with an intent to deceive State Farm. State Farm would not have issued a standard homeowners Policy if it had known of the damaged condition of the heaters and the true facts of Shao Defendants' intended use of the Property, or that Shao Defendants intended

---

[2] Plaintiff states that TPLand, LLC is an acronym for 'The Promised Land.'

to leave the heating unrepaired throughout winter months. State Farm detrimentally relied on Shao Defendants' misrepresentations when State Farm issued the policy and also when State Farm issued payments to Shao Defendants' for loss from a failed solder. State Farm is therefore entitled to rescind the Policy.

3. Having misrepresented the true facts about the Property, Shao Defendants' claims are barred by the doctrine of estoppel.

4. Given Shao Defendants' awareness that the Property lacked adequate working heat on the date TPLand, LLC purchased the Property, and Shao Defendants' intentional or reckless failure to repair or replace the two non-functioning heating units, the loss to the Property resulting from a frozen/burst shower valve and frozen/burst water pipes was not *accidental* as contemplated by the Policy, and therefore the loss is not covered by the Policy.

5. State Farm adjusters asked Defendant Jun Shao how he could be living in the Property with two of the heaters not working. Mr. Shao responded that he was not concerned about not having heat in the Property during the winter *because he lived in California*. State Farm had no reason to dispute Mr. Shao, particularly given that the policy records listed Mr. Shao's address as Fullerton, California. State Farm therefore had a justifiable, good faith basis for its actions, including its conclusion that the Property was not occupied at the time of the loss and that Shao Defendants had failed to take adequate care to maintain heat in the Property. Further, State Farm acted in good faith by extending coverage for a second burst pipe, on the grounds that it was due to a failed solder, when, on information and belief, the proximate cause of the solder failing was pressure from frozen water in the pipes, which, in turn, was the result of Shao Defendants not having repaired or replaced the Property's two damaged heating units. Given that the defective solder had not leaked for some 20+ years (since the house was built), but then, coincidentally failed during a period of hard freeze, close in time to when a shower head in the Property burst due to freezing, State Farm's extension of coverage for the resulting loss was an example of its good faith.

6. Given the facts alleged in paragraphs 1 through 5 above, including the facts concerning the damaged heaters, and Shao Defendants' misrepresentations concerning the Property during the insurance application process, there is a legitimate dispute regarding the coverage afforded by Shao Defendants' insurance policy.

7. Defendants failed to mitigate their damages, in that Defendants did not repair or replace the heating units after purchasing Property, and then knowingly left the Property unheated while the Property was unoccupied for an extended period of time during freezing weather conditions.

8. Defendants' claim for punitive damages is unconstitutional and violated the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 2, Section 7 of the Oklahoma Constitution for the following reasons: (a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (b) the highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; (c) the introduction of evidence of State Farm's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit to State Farm from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

9. Defendants' claim for punitive damages constitutes an unconstitutional excessive fine under Article 2, Section 9 of the Oklahoma Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

10. State Farm asserts all applicable statutory and common law limitations, restrictions, or caps on liability or damages, including, but not limited to, Okla. Stat. tit. 23, §§ 9.1 and 15 because State Farm did not recklessly disregard Shao Defendants' rights, much less act willfully and wantonly, in partially denying Shao Defendants claim for policy benefits resulting from a loss that was not accidental.

Dkt. # 38, at 3-7. Defendants ask the Court to strike certain affirmative defenses from plaintiff's amended answer. Dkt. # 43.

**II.**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are disfavored except under extraordinary circumstances." SFF-TIR, LLC v. Stephenson, 250 F. Supp. 3d 856, 1056 (N.D. Okla. 2017). "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *5 (D.N.M. May 8, 2012).

### III.

Defendants ask the Court to strike defenses 2 ("Recission Defense"), 3 ("Estoppel Defense"), 4 ("Non-Accidental Loss Defense"), 5 ("Good Faith Defense"), 6 ("Legitimate Dispute Defense"), 7 ("Failure to Mitigate Defense"), and 10 ("Statutory Cap on Damages Defense"). The Court will address each challenge in order.

A.  Recission Defense

Defendants seek to strike plaintiff's Recission Defense. Dkt. # 43, at 8. "Under Okla. Stat. tit. 36, § 3609 (1990), an insurer properly may rescind an insurance policy when the application contains a misrepresentation that (1) is fraudulent; (2) is material to the insurance company's acceptance of the risk; or (3) induced the insurer to issue the policy where it would not have done so had it known the true facts." Vining on Behalf of Vining v. Enter. Fin. Grp., Inc., 148 F.3d 1206, 1215 (10th Cir. 1998). Intent to deceive is a necessary element of the Recission Defense. Id. An insurer must merely "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236 (10th Cir. 2000) (quotation omitted).

Here, plaintiff set forth the time and place of the alleged false representation. It stated that the time was "during the insurance application process," and the place was "in applying for insurance coverage for the Property owned by TPLand, LLC, located at 397960 West 4000 Road, Skiatook, Oklahoma." Dkt. # 38, at 4, 6. The contents of the alleged false representation are that defendants allegedly "intentionally misrepresented the Property's condition, purpose and use . . . [they] failed to disclose that two of the Property's four heating units . . . were either not working or were missing on the date of purchase, . . ." Id. at 4. Further, defendants allegedly "failed to disclose on the policy application that the home would not be occupied for 52 weeks per year, or that [defendants] intended to have the Property serve as a retirement facility for seniors retiring from China." Id. The consequences were that plaintiff "would not have issued a standard homeowners Policy if it had known of the damaged condition of the heaters and the true facts of [defendants'] intended use of the Property, or that [defendants] intended to leave the heating unrepaired throughout winter months." Id. Further, plaintiff allegedly "detrimentally relied on [defendants'] misrepresentations when [plaintiff] issued the policy and also when [plaintiff] issued payments to [defendants] for loss from a failed solder." Id. In sum, all of the elements of a Recission Defense have been properly pleaded, and defendants' argument that the Recission Defense claim should be dismissed is rejected.

Defendants argue that plaintiff failed to plead sufficient facts to show that it acted with diligence in asserting the Recission Defense. Dkt. # 43, at 12. However, the deadline for filing an amended answer was March 12, 2020 (Dkt. # 37), and the amended answer was filed by the deadline. Dkt. # 38. Defendants cite Federal Rule of Civil Procedure 9(b), arguing that plaintiff's Recission Defense should be stricken because plaintiff did not plead facts establishing that defendants intended to deceive plaintiff. Dkt. # 43, at 10. However, Federal Rule of Civil Procedure 9(b) states that

6

"[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," and plaintiff did exactly that.

B.    Estoppel Defense

Defendants also seek to strike plaintiff's Estoppel Defense. Dkt. # 43, at 22. Under Oklahoma law, the doctrine of estoppel "holds a person to a representation made, or a position assumed, where otherwise inequitable consequences would result to another, who has in good faith, relied upon that representation or position." Cope v. Cope., 231 P.3d 737, 740 (Okla. Civ. App. 2009).

Plaintiff alleges that it "would not have issued a standard homeowners Policy if it had known of the damaged condition of the heaters and the true facts of [defendants'] intended use of the Property, or that [defendants] intended to leave the heating unrepaired throughout winter months." Dkt. # 38, at 4. Taken as true for the purposes of this motion, plaintiff's defense is adequate to survive a motion to strike. Defendants allegedly made a representation—that they would leave the heat on throughout the winter months and that they alone would occupy the property—that plaintiff allegedly relied upon. The Court finds that defendants' argument that the Estoppel Defense should be stricken is rejected.

C.    Non-Accidental Loss Defense

Defendants seek to strike the Non-Accidental Loss Defense. Dkt. # 43, at 22. Defendants argue that this is a "failure to repair" defense. Id. However, the defense specifically states that the alleged failures to repair were "not accidental as contemplated by the Policy, and therefore the loss

is not covered by the Policy." Dkt. # 38, at 5 (emphasis in original).[3]  The Court finds that plaintiff has pleaded sufficient facts to survive a motion to strike, and thus rejects defendants' argument that the Non-Accidental Loss Defense should be stricken.

D.   Good Faith Defense

Defendants seek to strike from plaintiff's amended answer the Good Faith Defense. Dkt. # 43, at 23. Oklahoma law recognizes that if an insurer has a justifiable good faith basis for its claims decision, it has a defense to a claim of bad faith. See Shotts v. GEICO Gen. Ins. Co., 943 F.3d 1304, 1314 (10th Cir. 2019) (noting that "[t]o succeed on a bad faith claim, the insured must present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim.") (quotation omitted). The insured retains the burden of proof; however, "courts assess whether the insurer had a good faith belief in some justifiable reason for the actions . . . that are claimed violative of the insurer's duty of good faith and fair dealing." Id. (quotation and brackets omitted).

Here, plaintiff alleges that it extended coverage despite the defective solder not having leaked "for some 20+ years." Dkt. # 38, at 5. It then goes on to state that this "extension of coverage for the resulting loss was an example of its good faith." Id. Taken as true for purposes of defendants' motion, these allegations are sufficient to survive a motion to strike. Defendants argue that these allegations are "rambling" allegations. Dkt. # 43, at 5. Although the Court disagrees that the allegations are "rambling," there is no legal rule for why "rambling" allegations cannot be included as an affirmative defense. Further, defendants have already moved to strike the affirmative defenses

---

[3]   Defendants argue that there is no duty to repair referenced in the insurance policy, and attach a copy of part of the policy as a reference. Dkt. # 43, at 23. The policy was not attached to the pleadings, and the Court will not consider it for purposes of this motion.

in plaintiff's first answer because it was devoid of sufficient facts. They cannot now claim that plaintiff included too many facts. Defendants also argue that Oklahoma law construes the meaning of "occupancy" as a period of at least 87 days. Id. at 24. However, this is not a motion for judgment on the pleadings, and plaintiff's allegations are sufficient to survive a motion to strike. The Court rejects defendants' argument that plaintiff's Good Faith Defense should be stricken.

E.      Legitimate Dispute Defense

Defendants argue that plaintiff's Legitimate Dispute Defense should be stricken. Dkt. # 43, at 24. "[W]here there is a legitimate dispute between the parties, then, as a matter of law . . . no reasonable inference of bad faith arises." Shotts, 943 F.3d at 1315 (quotation and brackets omitted). Here, there is a legitimate dispute about coverage. If the property was unoccupied and the terms of the policy exclude coverage in that situation, then plaintiff had a legitimate basis to deny coverage. The parties disagree that the property was unoccupied. Therefore, the Court rejects defendants' argument that plaintiff's Legitimate Dispute Defense should be stricken.

F.      Failure to Mitigate Defense

Defendants seek to strike plaintiff's Failure to Mitigate Defense. Dkt. # 43, at 25. Plaintiff asserts that "[d]efendants did not repair or replace the heating units after purchasing Property, and then knowingly left the Property unheated while the Property was unoccupied for an extended period of time during freezing weather conditions." Dkt. # 38, at 6. Defendants argue that this defense should be stricken because the alleged failure to mitigate occurred before the loss. Dkt. # 43, at 25. Plaintiff disagrees. Dkt. # 45, at 12. For purposes of a motion to strike, the Court must construe the allegations in the amended answer as true. Therefore, the Court cannot accept defendants' argument

9

that the failure to mitigate occurred before the loss. The Court rejects defendants' argument that the Failure to Mitigate Defense should be stricken.

G.  Statutory Cap on Damages Defense

Defendants argue that plaintiff's Statutory Cap on Damages Defense should be stricken. Dkt. # 43, at 5. Defendants argue that plaintiff "employs the exact language with regard to limitations that was rejected by the Court." Id. However, the Court did not reject plaintiff's limitations on damages language. Rather, it held that defendants were entitled to better notice of the factual support for plaintiff's defenses taking into account the Twombly/Iqbal standard. See Dkt. # 37. Taking into account the Twombly/Iqbal standard, discovery is ongoing, and plaintiff meets the requirement for raising this affirmative defense. The Court rejects defendants' argument that plaintiff's Statutory Cap on Damages Defense should be stricken.

**IV.**

In summary, all of defendants' arguments are rejected. This is defendants' second motion to strike. Motions to strike should be used sparingly; they are granted only in extraordinary circumstances when the defenses have no relation to the complaint. Here, plaintiff properly pleaded its defenses for this stage in the litigation. Discovery is ongoing, and plaintiff cannot be expected to establish with certainty all facts relevant to its affirmative defenses. Therefore, the Court finds that defendants' motion to strike (Dkt. # 43) should be denied.

**IT IS THEREFORE ORDERED** that defendants' motion to strike certain State Farm insufficient affirmative defenses (Dkt. # 43) is **denied**.

**DATED** this 23rd day of June, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE