IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JUN SHAO, LINA YEUNG, and TPLAND, LLC, a California Limited Liabiilty Company,<br><br>　　　　　　Defendants.<br><br>and<br><br>JUN SHAO, LINA YEUNG, and TPLAND, LLC, a California Limited Liabiilty Company,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Case No. 19-CV-496-CVE-FHM<br>　　　<u>BASE FILE</u><br>(Consolidated with 19-CV-666-CVE-FHM) |

## OPINION AND ORDER

State Farm Fire and Casualty Insurance Company's Motion to Compel, [Dkt. 48] is before the undersigned United States Magistrate Judge. The matter has been fully briefed, [Dkt. 48, 54, 55], and is ripe for decision.

This case involves a dispute over insurance coverage by State Farm Fire and Casualty Insurance Company (State Farm) for a water damage loss that was discovered in February 2018. Insurance coverage was denied in part on the basis that the damaged home was unoccupied at the time of the loss and that adequate heat was not maintained

in the house. State Farm seeks an order compelling production of information in three areas: the Defendants' notes and communications about the purchase of the property; indicia of the location of the Defendants'[1] primary residence; and inspection of the property.

For the most part, Defendants' response to the motion to compel argues the merits of the case and contains general statements about the scope of discovery, but does not address most of the individual discovery requests in dispute. Instead of addressing the individual discovery disputes, a "preamble" in Defendants' response brief contains the following statement:

> [T]he Court may deem the content of the referenced materials, State Farm's "listing of deficient responses", and "Defendants" letter stating their respective positions. Those communications are attached hereto as Exhibits "1" and "2" respectively.

[Dkt. 54, p. 1]. Since Defendants' brief does not address the individual discovery disputes, it appears by this statement that Defendants are inviting the court to review the communications between the lawyers and sort out for itself what the basis for Defendants' objection to discovery may be. The court declines this invitation. The court will not cast about in the attachments and develop arguments for the parties that are not developed in the briefs. The response brief presented Defendants the opportunity to make a reasoned argument in objection to the motion to compel. *See Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (citing cases to the effect that courts do not create or develop arguments for litigants that litigants do not develop themselves). The court has resolved the Motion to Compel based on the arguments contained in the briefs.

---

[1] In their papers the parties refer to both "Defendants" and "Mr. Shao" interchangeably. The court has not attempted to sort out which term is correct and has referred to Mr. Shao and Defendants variously throughout this order.

> **REQUEST FOR PRODUCTION NO. 1**: All nonprivileged communications (letter, email, audio or video recording, text or other electronic means) regarding your claims against State Farm or regarding damages repairs, remodeling, or construction to the Property during the period beginning December 2016 to present.

The court finds that the terms used in this request are not vague, nor is the request overly broad. The fact that State Farm may have been copied on some communications or that State Farm may have received copies of the communications does not relieve the Defendants of the responsibility to provide information responsive to this request. The Motion to Compel is GRANTED as to this Request For Production.

> **REQUEST FOR PRODUCTION NO. 20**: Produce any handwritten or electronic notes relating to your purchase and/or use of the Property, repairs, or remodeling to the Property, or relating to the Loss.

Mr. Shao objected on the basis that the request is "compound," and stated "I do not have any." [Dkt. 48, p. 7]. The court agrees with State Farm's assertion that it is not credible that Mr. Shao would have participated in the formation of an LLC for the purchase of the subject property and that there would be no written or electronic notes about it, about repairs, remodeling, or the water loss. Mr. Shao is required to produce responsive materials. If he continues to maintain that no responsive materials exist, he is required to provide a detailed explanation of his search for responsive materials. Further, State Farm's request for examination of Mr. Shao's computer and cell phone can be revisited should no responsive materials result from Mr. Shao's renewed search.

The Motion to Compel is GRANTED as to this Request For Production.

> **REQUEST FOR PRODUCTION NO. 12**: Produce copies of all of your financial account statements (banks, brokerage, and the like) for the period December 2016 through January 2018.

Mr. Shao asserts that this request seeks information not relevant to the claims and defenses at issue in this action. State Farm asserts that the statements will allow State Farm to ascertain where Defendants received statements, whether the address changed, and if so, to what address. State Farm also asserts the statements will shed light on where Defendants were spending money during the time period which would be indicative of their primary residence. In addition, State Farm contends the requested documents are relevant to any claim Defendants did not make repairs because they were unable to afford to do so.

The court finds that production of all financial account statements is overly invasive into private matters and unlikely to shed significant information about Defendants' primary residence that could not be obtained by less invasive means. The Motion to Compel is DENIED as to this Request for Production.

> **REQUEST FOR PRODUCTION NO. 15**: Produce copies of your filed income tax returns (state and federal) for 2016, 2017, and 2018.

Defendants object to this request on the basis that the tax returns are not relevant, their income is not at issue, and they assert a privacy interest in their tax returns. State Farm argues that the income tax returns will establish where Defendants claimed to reside for tax purposes.

Courts recognize the confidential nature of tax returns and disfavor disclosure. *Progressive Northern Ins. v. Sampson*, Case No. 10-CV-566-GKF-PJC (N.D. Okla. July 14, 2011), 2011 WL 274878 at *2. To determine whether to compel production of tax returns, courts apply a two-pronged test: 1) whether the tax returns are relevant; and 2) whether

there is a compelling need for the tax returns because the information is not otherwise available.  *Id*. at *3.  State Farm does not even argue that the financial information contained within the tax returns is relevant.  That fact weighs heavily against ordering production.  However, information contained on the tax returns will demonstrate where Defendants claimed to live for tax purposes.  Defendants do not assert that information is otherwise available.

In view of the foregoing, Defendants are required to produce only the portion of their state and federal tax returns that reveal their residency for tax purposes.[2]  The Motion to Compel is GRANTED in part as to this Request for Production.

> **REQUEST FOR PRODUCTION NO. 16**: Produce all utility bills received or paid by you for the period December 2016 to the present applicable to any real estate owned by you, your wife, TPLand, LLC, or any business entity owned or controlled by you.

Defendants produced utility bills for residential property where they stayed after the water damage, but object to this request as being overly broad, unduly burdensome, and irrelevant to the extent it seeks other utility bills.  The court finds that the request for production is properly limited to residential real estate owned by Defendants for the period December 2016 through 2018 as State Farm has offered no argument as to why utility bills

---

[2] The court notes that, although Defendants did not cite the case to this court, Defendants' attorney was counsel in the *Progressive Northern Ins. v. Sampson* case.  In that case the Defendants opposed producing full tax returns but offered to produce the address information from the returns.  Although the Court in *Progressive* ordered production of the tax returns, production of address information from the returns is an appropriate solution in the present case.  *Progressive Northern Ins.,* 2011 WL 274878 at *1.

to the present date are relevant. The Motion to Compel is GRANTED in part as to this Request For Production.

**REQUEST FOR PRODUCTION NO. 17**: Produce the California property tax statements for the years 2016, 2017, and 2018 for 2839 Tarragon Ct., Fullerton, CA.

The court finds that the requested California property tax statements are relevant to the question of Defendants' residency. The Motion to Compel is granted as to this request for production.

### REQUEST FOR INSPECTION OF THE PROPERTY

Defendants have forwarded no basis for denying State Farm's request to inspect the property. Defendants are required to permit State Farm to inspect the property at a mutually agreeable time and date.

### CONCLUSION

State Farm Fire and Casualty Insurance Company's Motion to Compel, [Dkt. 48], is GRANTED in Part and DENIED in Part as set out herein. The production ordered herein is due on or before August 5, 2020. The property inspection must be permitted by September 1, 2020.

SO ORDERED this 24th day of July, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE